<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CLEVON MORRISEY, JR.,           :
                                :    Civil Action No. 13-1429 (ES)
              Plaintiff,         :
                                :
          v.                    :    MEMORANDUM OPINION
                                :
NUTLEY POLICE DEPT., et al.,    :
                                :
              Defendants.       :

**SALAS, District Judge**

Plaintiff Clevon Morrisey, Jr., a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

The filing fee to commence a civil action is $350. Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

Civil actions brought *in forma pauperis* are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for

prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis*.

Under the PLRA, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. *Id.*

Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the full $350 filing fee, and that even if the full

filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions); *see also* 28 U.S.C. § 1915A(b) (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e(c) (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff submitted an outdated application for leave to proceed *in forma pauperis*, which incorrectly states that the filing fee is $150, and which contains an authorization for withdrawals from Plaintiff's institutional account until the incorrect $150 filing fee is paid.  As noted above, the filing fee

is now $350.[1]  As it is not clear that Plaintiff would wish to proceed if he knew that he would be assessed the full filing fee of $350, this Court will deny the outdated Application for leave to proceed *in forma pauperis*, and administratively terminate this action, without prejudice to Plaintiff applying to re-open, by submitting a new Application referencing the correct filing fee.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

---

[1] Plaintiff's submission otherwise conforms to the requirements of 28 U.S.C. § 1915(a)(1) & (2), including submission of the required certified institutional account statement.  *See, e.g.*, *Tyson v. Youth Ventures, L.L.C.*, 42 F. App'x 221 (10th Cir. 2002); *Johnson v. U.S.*, 79 Fed. Cl. 769 (2007).

For the reasons set forth above, Plaintiff's application for leave to proceed *in forma pauperis* will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to apply to re-open within 30 days.[2]

An appropriate Order will be entered.

s/ Esther Salas
**Esther Salas**
**United States District Judge**

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally timely filed.  *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Board of Education*, 45 F.3d 161, 163 (7th Cir. 1995).