NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CLEVON MORRISEY, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 13-1429 (ES)** |
| | : | |
| **v.** | : | **OPINION** |
| | : | |
| **NUTLEY POLICE DEPT., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**SALas, District Judge**

Plaintiff Clevon Morrisey ("Plaintiff"), a prisoner confined at South Woods State Prison in Bridgeton, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*.  (D.E. No. 7).  Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff brings his complaint against the Nutley Police Department and the "State of New Jersey – Political Party of Governance."  (D.E. No. 1, Compl. ¶ 4).  With regard to the Nutley Police, he alleges that in September 2005, he was "racially biaslly [sic] arrested based upon 'flagrancy,' without established probable cause as to no [sic] crime reported at scene."  (*Id.*). With regard to the State of New Jersey, Plaintiff alleges that he was "tried on double jeopardy clause as well as miscarried justice by Essex County JSC Betty J Lester, Assist. District Attorney Dawn C Scott Public Defender John Johnson served 7 year sentence."  (*Id.*).  In the "Statement of Claims" section of his complaint, Plaintiff provides the following information: "false flagrant arrest in Nutley NJ Nutley P.D. Victim and Defendant state 'no crime.'  ADA Scott saw nor had evidence to proceed, such as state witness recanting Jan. 3, 2006 Rothchilds court violation of restraining order, state parole 8-31-12 false re-arrest for a case that was, false charges."  (*Id.* ¶ 6).

Plaintiff is seeking "quashment of charges 'all'!"  (*Id.* at ¶ 7).  He is also seeking monetary damages and criminal prosecution of all parties involved.  (*Id.*).

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This

2

action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within

---

[1]  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.   *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1. False Arrest**

Plaintiff alleges that he was subject to a false arrest on September 16, 2005.   (Compl. ¶ 6). Plaintiff not only fails to allege sufficient facts to state a claim, but also to state a claim that appears to be time-barred.

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.   *See Berg v. Cnty of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000) (collecting cases); *see also Albright v. Oliver*, 510 U.S. 266, 274 (1994) (a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).   To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: "(1) that there was an arrest; and (2) that the arrest was made without probable cause."   *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) and *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)).   Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being

4

arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)).   "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (quoting *Groman*); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter.").

Here, Plaintiff has not alleged any facts regarding the circumstances that led to his arrest. He generally refers to there being "no probable cause" for the arrest, but he does not provide any further facts.   Plaintiff does not state who arrested him, what information was known to that person, whether Plaintiff was arrested pursuant to a warrant, what information was provided to procure an arrest warrant, or who provided that information.   It is not even clear for what crime Plaintiff was arrested.   Thus, Plaintiff has failed to allege facts sufficient to state a plausible claim for false arrest and false imprisonment, under either federal or state law.

In any event, the claim appears to be time-barred.   Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss *sua sponte*, under 28 U.S.C. § 1915(e)(2), a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint.   *See*, *e.g* ., *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's general or residual statute of limitations for such actions.   *See Owens v. Okure*, 488 U.S. 235 (1989) (cited in *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (same).   Accordingly, New Jersey's two-year limitations period on personal

injury actions, N.J. Stat. Ann. § 2A:14–2, governs Plaintiff's claims.   *See Dique v. New Jersey State Police*, 603 F .3d 181, 185 (3d Cir. 2010) (citing *Montgomery v. DeSimone*, 159 F .3d 120, 126 & n. 4 (3d Cir. 1998) and *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)).   Under N.J. Stat. Ann. § 2A:14–2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.   *Cito*, 892 F.2d at 25; *accord Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."   *Wallace*, 549 U.S. at 388.   A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982); *see also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994).   "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.   Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong."   *Fassnacht v. United States*, No. 95-3624, 1996 WL 41621, at *2 (E.D. Pa. Feb. 2, 1996) (citing *Oshiver*, 38 F.3d at 1386).   A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest.   *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998); *Rose v. Bartle*, 871 F.2d 331, 348-51 (3d Cir. 1989).   In this instance, there is nothing to suggest a later accrual date under state law.

Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.   *Wilson*, 471 U.S. at 269.   New Jersey statutes set forth certain bases for "statutory tolling."   *See, e.g.*, N.J.S.A. § 2A:14–21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14–22 (detailing tolling because of nonresidency of persons liable).   New

Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.  *See Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. Super. Ct. App. Div. 2002) (citations omitted).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  *Id.*

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

*Id.* n. 9.

Based on these statute of limitations principles, Plaintiff's claim is time-barred.  Here, according to the allegations of his Complaint, any claim for false arrest accrued at the time of Plaintiff's arrest, on September 16, 2005.  As such, Plaintiff's February 23, 2013 complaint was filed over five years after the limitations period expired in September 2007.  Moreover, Plaintiff has failed to allege any facts suggesting a basis for tolling under N.J.S.A. § 2A:14–21, 2A:14–2, or any other equitable ground.  Accordingly, the federal and state claims for false arrest and false imprisonment will be dismissed as untimely.

**2. Malicious Prosecution**

It appears that Plaintiff also intended to raise a malicious prosecution claim.

In order to state a § 1983 claim of malicious prosecution in violation of the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, and that there has been some deprivation of liberty consistent with a seizure.  *See Johnson v. Knorr*, 477 F.3d 75, 81-85 (3d Cir. 2007); *Gallo v. City of Phila.*, 161 F.3d 217, 221-22 (3d Cir. 1998).   Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are: (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff. *Lind v. Schmid*, 67 N.J. 255, 262 (1975); *see also Johnson*, 477 F.3d at 81-82.

Here, Plaintiff has not alleged that the criminal proceeding terminated in his favor, which is a required element of a malicious prosecution claim.  *See id.*  As such, this claim will be dismissed.[2]

---

[2] Moreover, the Court notes that the State of New Jersey is not a "person" under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

**III. CONCLUSION**

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[3]    An appropriate order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.   *Id.*