**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLEVON MORRISEY, JR., | |
| Plaintiff, | Civil Action No. 13-1429 (ES) |
| v. | MEMORANDUM OPINION |
| NUTLEY POLICE DEP'T, et al., | |
| Defendants. | |

SALAS, DISTRICT JUDGE

THIS CIVIL ACTION, filed pursuant to 42 U.S.C. § 1983, was dismissed on February 18, 2014 for failure to state a claim, (D.E. Nos. 10-11); Plaintiff thereafter filed several documents, (D.E. Nos. 12–19; 20–24); the documents contain a substantial amount of information, the majority of which is irrelevant to the instant case; however, the document submitted by Plaintiff on November 11, 2014 appears to be an Amended Complaint, (D.E. No. 20, ("Am. Compl.")); and

THE COURT FURTHER FINDING that as in his original Complaint, Plaintiff has failed to state a claim for false arrest because Plaintiff still does not allege any grounds for tolling of the statute of limitations and the claim is otherwise clearly time-barred; and

THE COURT FURTHER FINDING that to state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: "(1) that there was an arrest; and (2) that the arrest was made without probable cause," *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) and *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir.1988)); a grand jury indictment establishes probable cause by definition, *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 251 (3d Cir. 2001)

("[T]he evidence of their guilt was sufficient to support a grand jury indictment. That indictment establishes probable cause by definition. . . ."); a positive identification by a victim witness is usually sufficient alone to establish probable cause, *Knight v. Borough of Penns Grove*, 50 F. App'x 92, 94 (3d Cir. 2002); here, Plaintiff acknowledges that the police arrested him in response to a call from the victim's mother, during which she made allegations about Plaintiff assaulting her daughter (D.E. No. 12, ("Petition of Writ for Complaint") at 11, 16); he also acknowledges that he was indicted by a grand jury, (*id.* at 19); therefore, even if Plaintiff's claim for false arrest was not time-barred, it would also be dismissed on the merits; and

THE COURT FURTHER FINDING that also as in his original Complaint, Plaintiff has failed to allege that his criminal proceeding terminated in his favor; as a result, he still has not stated a claim for malicious prosecution; and

THE COURT FURTHER FINDING that to the extent Plaintiff intended to raise any claims for denial of medical care under the Eighth Amendment for incidents occurring in January 2007 (Am. Compl., Count 1 ¶ 5), the Court notes that said claims would also be time-barred; as discussed in the Court's previous Opinion and Order, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann., § 2A:14–2, governs Plaintiff's § 1983 claims, see *Montgomery v. DeSimone*, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989); under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based," *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); in this case, Plaintiff was clearly aware of the denial of proper medical treatment in January 2007, when the incident occurred; therefore the statute of limitations expired two years later in

January 2009; Plaintiff did not file the Amended Complaint, wherein he alleged a "medical" claim for the first time, until well after the statute of limitations had expired; in fact, the statute of limitations had already expired at the time Plaintiff filed his original Complaint on February 13, 2013; and

THE COURT FURTHER FINDING that to the extent Plaintiff is challenging his parole revocation in August 2012, (Am. Compl., Count 1 ¶ 6), said claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); in *Heck*, the Court held that a state prisoner's claim for damages is not cognizable under § 1983 if it calls into question the lawfulness of his conviction or confinement, unless he can demonstrate that the conviction or sentence has already been invalidated, *id.* at 486–87, 114 S.Ct. 2364; if the Court were to grant Plaintiff's requested relief, it would necessarily invalidate the Parole Board's decision to revoke his parole, *see Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to parole revocation decisions); therefore, until such time as the decision to revoke his parole is invalidated, Plaintiff cannot maintain a § 1983 action challenging the revocation; and

THE COURT FURTHER FINDING that Plaintiff purports to raise "a failure to train" claim against Defendants Nutley Police Department, Superior Court of Essex County, Essex County Prosecutor's Office, Office of Public Defenders, New Jersey Department of Corrections and New Jersey Parole Board, however he provides no factual support for this claim; he merely states in a conclusory manner that these defendants failed to provide appropriate safeguards to prevent the false arrest and malicious prosecution of Plaintiff, (Am. Compl., Count 3 ¶ 3); Plaintiff's claim for failure to train must be dismissed because the facts have not established an underlying constitutional violation, *see McCann v. Borough of Magnolia*, 581 F. App'x 125, 126

(3d Cir. Nov. 5, 2014) (citing *Williams v. West Chester*, 891 F.2d 458, 467 (3d Cir. 1989) (stating that "West Chester cannot be vicariously liable . . . unless one of West Chester's employees is primarily liable under section 1983 itself"); *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007) (holding that plaintiff's failure-to-train claim failed because facts did not establish an underlying constitutional violation)); and

FOR THE REASONS stated in this Memorandum Opinion and the Court's February 18, 2014 Opinion and Order, the Amended Complaint will be dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); however, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint; the Court will issue an appropriate order.

Dated: February 9, 2015

_____
Esther Salas, U.S.D.J.