**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CLEVON MORRISEY, JR., | |
| Plaintiff, | Civil Action No. 13-1429 (ES) |
| v. | MEMORANDUM OPINION |
| NUTLEY POLICE DEP'T., et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

THIS CIVIL ACTION, filed pursuant to 42 U.S.C. § 1983, was originally dismissed on February 18, 2014 for failure to state a claim (D.E. Nos. 10-11); Plaintiff thereafter filed an Amended Complaint on November 11, 2014 (D.E. No. 20, Amended Complaint ("Am. Compl.")); on February 9, 2015, the Court entered a Memorandum Opinion and Order dismissing the Amended Complaint for failure to state a claim (D.E. Nos. 25-26); specifically, the Court found that Plaintiff failed to state a claim for false arrest because it was time-barred and Plaintiff again did not allege any grounds for tolling of the statute of limitations; the Court also found that the claim failed on the merits (*Id.*); and

THE COURT FURTHER FOUND that Plaintiff failed to allege that his criminal proceeding terminated in his favor; as a result, he still had not stated a claim for malicious prosecution (*Id.*); and to the extent Plaintiff intended to raise any claims for denial of medical care under the Eighth Amendment for incidents occurring in January 2007 (Am. Compl., Count 1, ¶ 5), the Court noted that said claims would also be time-barred (D.E. Nos. 25-26); and to the extent Plaintiff was challenging his parole revocation in August 2012 (Am. Compl., Count 1, ¶ 6), said

claim was barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) (D.E. Nos. 25-26); finally, the Court dismissed all "failure to train" claims because the facts did not establish an underlying constitutional violation (*Id.*); however, the Court provided Plaintiff with an opportunity to file a Second Amended Complaint, which the Court received on April 13, 2015 (D.E. No. 28, Second Amended Complaint ("Second Am. Compl.")); and

THE COURT FINDING that the Second Amended Complaint, as with his other previous complaints, is essentially incomprehensible and though it contains a substantial amount of information, said information is irrelevant to the instant case;[1] and

THE COURT FURTHER FINDING that with regard to all claims other than the forced medication issue, the Second Amended Complaint fails to address any of the deficiencies identified in this Court's February 9, 2015 Memorandum Opinion and Order; as such, for the reasons stated in that Opinion and Order, as well as the Court's February 18, 2014 Opinion and Order, the Second Amended Complaint will be dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); moreover, the Court finds that granting leave to amend these claims would be futile at this time since the claims are time-barred or barred by *Heck*, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002); and

THE COURT FURTHER FINDING that with regard to his medical claim, Plaintiff alleges that on November 12, 2013, he was "forced" to take Cylixon, Risperdol, Depekote, Congeniten and Prolixon, however, he does not provide any further information about this incident (D.E. No. 28, Second Am. Compl. at 2); under the Due Process Clause of the Fourteenth Amendment, prison

---

[1] This irrelevant information includes a copy of his resume, facts about child support proceedings in state court and allegations of embezzlement against T.D. Bank. (Second Am. Compl. at 4-7, 26-96, 12-25).

2

inmates "possess[] a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs," *Washington v. Harper*, 494 U.S. 210, 221 (1990); however, such medication may be administered against an inmate's wishes where doing so is reasonably related to a department of corrections' legitimate penological interests, *see id.* at 223; those interests include "combating the danger posed by [the inmate] to both himself and others . . . in a prison environment" and "provid[ing] prisoners with medical treatment consistent not only with their own medical interests, but also with the needs of the institution," *id.* at 225; ultimately, "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest," *id.* at 227; certain procedural protections are required before an inmate can be medicated against his will, but where administrative hearing procedures comport with procedural due process, a judicial hearing is not required as a prerequisite to forcing medication on a mentally ill inmate, *see id.* at 231; and

THE COURT FURTHER FINDING that in the case at bar, Plaintiff's Second Amended Complaint is silent as to what type of illness he suffers from and the circumstances of the alleged forced medication; consequently, at this juncture, the Court cannot determine whether Plaintiff's alleged forced consumption of medication is rationally connected to a legitimate governmental interest and whether there are any viable alternatives to Plaintiff's non-consensual taking of medication; therefore, the claim must be dismissed at this time pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); however, the Court will allow Plaintiff to file a third amended complaint because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies of this claim; Plaintiff is advised that he may file a third amended

complaint to address the deficiencies of only the forced medication claim and not the other dismissed claims; an appropriate order follows.

Dated: September 3, 2015

_____
Esther Salas, U.S.D.J.