**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLEVON MORRISEY, JR., | |
| Plaintiff, | Civil Action No. 13-1429 (ES) |
| v. | MEMORANDUM OPINION |
| NUTLEY POLICE DEP'T, et al., | |
| Defendants. | |

SALAS, DISTRICT JUDGE

THIS CIVIL ACTION, filed pursuant to 42 U.S.C. § 1983, was originally dismissed on February 18, 2014 for failure to state a claim (D.E. Nos. 10, 11); Plaintiff Clevon Morrisey ("Plaintiff") thereafter filed an Amended Complaint on November 11, 2014 (D.E. No. 20, Amended Complaint ("Am. Compl.")); on February 9, 2015, the Court entered a Memorandum Opinion and Order dismissing the Amended Complaint for failure to state a claim (D.E. Nos. 25, 26); however, the Court provided Plaintiff with an opportunity to file a Second Amended Complaint, which the Court received on April 13, 2015 (D.E. No. 28, Second Amended Complaint ("SAC")); and

THE COURT FOUND that the SAC, as with his other previous complaints, was essentially incomprehensible and though it contained a substantial amount of information, said information was irrelevant to the instant case;[1] with regard to all claims other than the forced medication issue, the SAC failed to address any of the deficiencies identified in this Court's February 9, 2015

---

[1] This irrelevant information included a copy of his resume, facts about child support proceedings in state court and allegations of embezzlement against T.D. Bank. (SAC at 4-7; 26-96; 12-25).

Memorandum Opinion and Order; therefore for the reasons stated in that Opinion and Order, as well as the Court's February 18, 2014 Opinion and Order, the Court dismissed the SAC in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); the Court further found that granting leave to amend those claims would be futile, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002); and

THE COURT FURTHER FOUND that with regard to the forced medication claim, raised for the first time in the SAC, Plaintiff should be granted leave to amend (D.E. No. 30, Sept. 3, 2015 Opinion, at 3-4); on September 25, 2015, the Court received Plaintiff's Third Amended Complaint (D.E. No. 33, Third Amended Complaint ("TAC")); as with all his other previous complaints, the Third Amended Complaint is again incomprehensible and almost entirely irrelevant to the issue of forced medication, which was the only issue he was permitted to raise in said complaint; and

THE COURT FINDING that with regard to the forced medication issue, Plaintiff alleges that:

> By these reasons the cause of defendants actions, the plaintiff was in fact unconstitutionally deprived of civil liberties and pursuit of happiness, causing medical malpractice of mental health treatment as of the 2nd day of January 2007 Dr. O'Shea of Central Reception Assesment [sic] Facility of Trenton New Jersey.  Till [sic] the 12th day of November 2013 by forced administration proto-call [sic] of medications listed harmful against plaintiffs [sic] contesting conscent [sic], see: (1-800-Baddrug) Cylixon, Risperdol, Depekote, and Congeniten, as well as Prolixon by threats of force, or harm by Dept. of Corrections Staff Members

(TAC at 42); and

THE COURT FURTHER FINDING that in the paragraphs that follow, Plaintiff then states that he was "returned to society" on the 15th day of November 2011 and that he received "a second

2

medical professional mental health examination from January 5, 2012 till [sic] January 18, 2012 diagnosis was negative of any such symptoms of mental illness treated by defendants January 2, 2007 till November 15, 2011" (*id.*); and

THE COURT FURTHER FINDING that as stated in its previous opinions and orders in this matter, according to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); to survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted); "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted); and

THE COURT FURTHER FINDING that as also stated in its previous opinion and order, under the Due Process Clause of the Fourteenth Amendment, prison inmates "possess[] a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs," *Washington v. Harper*, 494 U.S. 210, 221 (1990); however such medication may be administered against an inmate's wishes where doing so is reasonably related to a department of corrections' legitimate penological interests, *see id.* at 223; those interests include "combating the danger posed by [the inmate] to both himself and others . . . in a prison environment" and "provid[ing] prisoners

3

with medical treatment consistent not only with their own medical interests, but also with the needs of the institution," *id.* at 225; ultimately, "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest," *id.* at 227; certain procedural protections are required before an inmate can be medicated against his will, but where administrative hearing procedures comport with procedural due process, a judicial hearing is not required as a prerequisite to forcing medication on a mentally ill inmate, *see id.* at 231; and

THE COURT FURTHER FINDING that, as in his SAC, the TAC fails to allege sufficient information to allow Plaintiff's claim regarding forced medication to proceed at this time under *Iqbal*; he provides barely any facts on this issue and it is not even clear who allegedly forced him to take medication against his will and the circumstances surrounding that forced medication; the facts which he does provide are contradictory in that he states that he was forcibly given medication from January 2007 through November 2013, but also states that he was out of custody and seen by other doctors in January 2012 (TAC at 42); in addition, the one page of medical records that he provides shows that in October 2013, his only medication was an antibiotic (D.E. No. 34, Supp. to TAC at 55); and

THE COURT FURTHER FINDING that based on the lack of information provided by Plaintiff, and the contradictory nature of the facts which he does provide, the Court will dismiss Plaintiff's claim regarding forced medication; the remaining allegations in the hundreds of pages filed by Plaintiff are wholly irrelevant to the issues before the Court or have already been rejected by the Court in previous opinions; because the TAC was only Plaintiff's second opportunity to

4

state a viable claim for forced medication, the Court will allow him one <u>final</u> chance to amend said claim; Plaintiff is advised that the forced medication claim is the <u>ONLY</u> claim which may be raised in the fourth amended complaint and his filing should contain no reference to any other issue other than the forced medication; because the Court has previously advised Plaintiff of this instruction and he failed to comply, instead filing over 300 pages of irrelevant information, Plaintiff is hereby explicitly informed that failure to comply with this instruction again may result in sanctions; an appropriate order follows.

_____
Esther Salas, U.S.D.J.