**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CLEVON MORRISEY, JR.**, | : |
| Petitioner, | : Civ. No. 13-1429 (ES) (JAD) |
| v. | : |
| | : **MEMORANDUM OPINION** |
| **NUTLEY POLICE DEPARTMENT,** et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Clevon Morrisey, Jr., is a *pro se* plaintiff who filed a civil complaint while he was confined at South Woods State Prison. (*See generally* D.E. No. 28). Presently pending before this Court is Plaintiff's motion to reopen this case. (*See* D.E. No. 42). The case will be reopened so that Plaintiff's motion can be analyzed. But for the following reasons, Plaintiff's motion to reopen will be denied, and the Clerk will be ordered to reclose this case.

This case has an extensive procedural history. In February 2013, Plaintiff submitted his original complaint. (*See* D.E. No. 1). Initially, this Court denied Plaintiff's application to proceed *in forma pauperis* because it was incomplete. (*See* D.E. Nos. 2 & 3). Thereafter, Plaintiff submitted another application to proceed *in forma pauperis*. (*See* D.E. No. 7). On February 18, 2014, this Court granted Plaintiff's application to proceed *in forma pauperis* and proceeded to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. (D.E. No. 11). Plaintiff raised false arrest and malicious prosecution claims in his original complaint. (*See generally* D.E. No. 1). Ultimately, this Court dismissed the original complaint without prejudice for failure to

state a claim upon which relief may be granted and gave Plaintiff thirty days in which to submit a proposed amended complaint. (*See* D.E. Nos. 10 & 11).

Thereafter, Plaintiff submitted a proposed amended complaint. (*See* D.E. No. 12). On February 10, 2015, this Court screened Plaintiff's proposed amended complaint. (*See* D.E. Nos. 25 & 26). This Court noted in that Opinion that Plaintiff still had not properly alleged a Fourth Amendment claim for false arrest because it was time-barred and because he failed to state a claim on the merits. (*See* D.E. No. 25 at 1-2). Plaintiff's malicious prosecution cause of action also failed to state a claim because Plaintiff had failed to allege that his criminal proceeding ended in his favor. (*See id.* at 2). This Court also found that Plaintiff's Eighth Amendment claims related to the denial of medical care, occurring in January 2007, were time-barred. (*See id.* at 2-3). Plaintiff's claim challenging his parole revocation was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See id.* at 3). And, finally, Plaintiff's failure-to-train claim was denied because it provided no factual support and was conclusory. (*See id.* at 3-4). Plaintiff, however, was given the opportunity to submit a proposed second amended complaint. (*See id.* at 4).

Subsequently, Plaintiff submitted a proposed second amended complaint. (*See* D.E. Nos. 27 & 28). This Court initially noted that Plaintiff's second amended complaint was essentially incomprehensible and that while it contained a substantial amount of information, that information was irrelevant to this case. (*See* D.E. No. 30 at 2). Furthermore, this Court noted that with the exception of Plaintiff's claim arising out of forced medication, he had failed to address any of the deficiencies identified in this Court's previous Opinions. (*See id.*). With respect to Plaintiff's forced medication claim, this Court dismissed that claim without prejudice, stating that the

> Second Amended Complaint is silent as to what type of illness [Plaintiff] suffers from and the circumstances of the alleged forced medication; consequently, at this juncture, the Court cannot determine whether Plaintiff's alleged forced consumption of

> medication is rationally connected to a legitimate governmental interest and whether there are any viable alternatives to Plaintiff's non-consensual taking of medication.

(*See id.* at 3). This Court then gave Plaintiff the opportunity to file a proposed third amended complaint, but only on the forced medication claim. (*See id.* at 3-4).

Subsequently, Plaintiff filed a proposed third amended complaint, which this Court screened on February 10, 2016. (*See* D.E. No. 36). This Court initially noted that the third amended complaint was incomprehensible and almost entirely irrelevant to the forced medication issue. (*See id.* at 2). Ultimately, this Court determined that Plaintiff had failed to state a claim with respect to the forced medication issue. (*See id.* at 4). This Court then stated that it would give Plaintiff one final opportunity in which to file a fourth amended complaint, but only on the issue of forced medication. (*See id.* at 4-5).

Plaintiff has made a series of filings after this Court's February 10, 2016 Opinion and Order, which dismissed Plaintiff's third amended complaint without prejudice. (*See* D.E. Nos. 38-42). Among these filings is Plaintiff's pending motion to reopen this case. (*See* D.E. No. 42).

Plaintiff's most recent filings are hundreds of pages that are mostly incomprehensible. (*See generally, e.g.*, D.E. No. 41). And Plaintiff's filings appear to attempt to rehash some of the claims that this Court previously denied such as false arrest and malicious prosecution. (*See id.*).

Having considered the entirety of Plaintiff's most recent filings, this Court fails to find any allegations related to the one issue on which this Court permitted Plaintiff to file a fourth amended complaint: the forced medication issue. As such, this Court will deny Plaintiff's motion to reopen this case and order the Clerk to reclose it. An appropriate Order will be filed.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**